**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JENNIFER HASEMANN and DEBBIE HOTH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | No. 1:15-cv-02995-MKB-RER |
| WENDY MANEMEIT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>Defendant. | No. 2:17-cv-00093-MKB-RER |

## DECLARATION OF SHOSHANA SAVETT

I, Shoshana Savett, declare as follows:

    1. I am a member in good standing of the bar of the Commonwealth of Pennsylvania, and I am admitted pro hac vice in the case of *Hasemann v. Gerber Products Company*, pending in the Eastern District of New York. I am an attorney with Berger Montague PC, co-lead counsel in the above-captioned class actions. I have personal knowledge of the facts set forth in this declaration, and, if called as a witness, could and would competently testify thereto under oath as follows.

2. On August 14, 2019, Class Representatives' counsel emailed defense counsel the productions received from Target and Ahold, as well as a proposed stipulation to be filed with this Court.

3. In response, defense counsel asked whether Class Representatives' counsel had received affidavits or declarations from the custodian of records.

4. While Class Representatives' counsel replied that no declarations had been received but they would send an email from Target's attorney stating what the data was, defense counsel indicated an email would not suffice, stating he thought counsel would need to attach affidavits from each of the entities supplying the data.

5. Defense counsel reiterated his belief that declarations from the custodian of records were required in a subsequent telephone conversation on August 20, 2019.

6. Defense counsel subsequently rejected the filing of an unopposed motion on the same basis.

7. Walmart's counsel stated to me, on a phone call discussing Walmart's response to a subpoena seeking the names and addresses of class members, that—as a matter of company policy—Walmart would only send its responsive materials directly to Plaintiffs' claims administrator.

8. Attached as Exhibit 1 is a true and correct copy of email exchanges between Gerber's defense counsel and me. Counsels' cell phone numbers have been redacted.

9. Attached as Exhibit 2 is a true and correct copy of email exchanges between Nate Brennaman and me. Counsels' cell phone numbers have been redacted.

10. Attached as Exhibit 3 is a true and correct copy of email exchanges between John Petrowski and me. Certain contact information has been redacted.

3

11. Attached as Exhibit 4 is a true and correct copy of an email exchange between Nykema Alexander and his colleagues and me.  Certain contact information has been redacted.

12. Attached as Exhibit 5 is true and correct copy of the subpoena *duces tecum* issued to Ahold, U.S.A., Inc. on July 26, 2019.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 24th day of September, 2019 at Philadelphia, Pennsylvania.

/s/ Shoshana Savett
Shoshana Savett